```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

PAUL A. COHEN,                     )
                                   )  Civil Action
            Petitioner             )  No. 11-cv-05678
                                   )
    vs.                            )
                                   )
REITZ;                             )
THE DISTRICT ATTORNEY OF THE       )
    COUNTY OF BERKS; and           )
THE ATTORNEY GENERAL OF THE        )
    STATE OF PENNSYLVANIA,         )
                                   )
            Respondents            )

## **O R D E R**

NOW, this 19th day of May, 2014, upon consideration of the following:

(1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), filed by petitioner Paul A. Cohen pro se on September 8, 2011;

(2) Answer to the Petition for Writ of Habeas Corpus, which answer was filed by respondents on February 1, 2012; together with

  (A) Memorandum in Support of Commonwealth's Answer to the Petition for Writ of Habeas Corpus;

(3) Report and Recommendation of United States Magistrate Judge Jacob P. Hart filed February 16, 2012; and

(4) [Objections in] Response to the Magistrate's Recommendation ("Objections"), which objections were filed March 5, 2012,

it appearing after review of this matter that Magistrate Judge Hart's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

IT IS ORERED that the objections of petitioner to the Report and Recommendation of Magistrate Judge Hart are overruled.[1]

---

[1] When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge. Raddatz, supra.

When petitioner filed the within habeas petition, he was incarcerated at the Cumberland County Prison in Carslile Pennsylvania where he was serving a sentence of not less than 14 months, nor more than 59 months, imprisonment imposed by the Court of Common Pleas for Berks County Pennsylvania.  Petitioner received that Sentence following a jury trial in the Court of Common Pleas for Berks County where he was convicted on one count of Retail theft in violation of 18 Pa.C.S.A. § 3925(a)(1) and one count of Receiving stolen property in violation of 18 Pa.C.S.A. § 3925(a).  The factual and procedural history underlying petitioner's request for federal habeas relief is well-summarized in the Report and Recommendation at pages 1-3, and is incorporated here.

Petitioner was paroled on September 10, 2012 and is currently on parole until February 1, 2018. This court retains jurisdiction over petitioner's petition although petitioner was released on parole because "the "in[-]custody" requirement of 28 U.S.C. § 2241 extends to a habeas petitioner who, although not incarcerated, is under the custody of a parole board, because the conditions of parole involve "significant restraints" upon liberty." U.S. ex rel. McClure v. Patton, 624 F.Supp. 56, 59 (E.D.Pa. 1985) (Broderick, J.) (citing Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963)).  Moreover, "once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application." Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554, 558-559 (1968).

Petitioner raises six objections to the Report and Recommendation of Magistrate Judge Hart.  Petition p. 1-2.  Petitioner challenges Magistrate Judge Hart's determination that petitioner's time-barred habeas petition is not entitled to equitable tolling.

Specifically, petitioner contends that the one-year statute of limitations for habeas petitions should be equitably tolled by stating: "I filed the petition as timely as possible, citing new evidence.  The law allows this."

(Footnote 1 continued):

(Continuation of footnote 1):

I conclude that petitioner's objection regarding equitable tolling is without merit. As correctly determined by Magistrate Judge Hart, petitioner's habeas petition is time-barred pursuant to the Anti-terrorism and Effective Death Penalty Act of 1996 ("ADEPA").

28 U.S.C. § 2244(d). Subsection (d) of the ADEPA provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's objection seems to argue that his petition was timely filed because he filed it after discovering new evidence. The new evidence which petitioner offers consists of the fact that he "did not know of the further threat to show up until after my trial" and that he "found out Gereon Schlear appeared because he wanted more money past my previous motions." See Objections.

Petitioner's pro se petition for collateral relief under Pennsylvania's Post-Conviction Relief Act, 42 Pa.C.S.A. § 9541 ("PCRA"), which was filed in the Court of Common Pleas for Berks County, Pennsylvania on August 9, 2010, includes this "new evidence". In his PCRA petition, petitioner argued both that "Gereon Schlear, witness for the prosecution accepted a [$]500 bribe from Jamie Cohen" and that "the prosecutor called Mr. Schlear and threatened him". See Motion for Post Conviction Collateral Relief, filed in Commonwealth of Pennsylvania v. Paul Cohen, Court of Common Pleas of Berks County Pennsylvania, page 3. Therefore the "new evidence" was known to petitioner on August 9, 2010. Petitioner's PCRA petition was dismissed by the Court of Common Pleas for Berks County, Pennsylvania on August 17, 2010.

Petitioner filed his petition for habeas corpus on September 8, 2011, more than one year after the discovery of the new evidence upon which his habeas petition is predicated. As such, petitioner's habeas petition was not timely filed and is barred by the one-year period of limitation. To the extent that petitioner argues that this one-year period should be tolled because he exercised due diligence, petitioner has not demonstrated that he exercised due diligence in filing his federal habeas petition or that some extraordinary circumstance prevented him from doing so. See Holland v. Florida, 560 U.S. 631, 648, 130 S.Ct. 2539, 2562, 177 L.Ed.2d 130, 145 (2010) which held that petitioner is entitled to have the statute of limitations equitably tolled if he establishes that, in seeking federal habeas relief, he exercised reasonable diligence in pursuing his rights and some extraordinary circumstance stood in his way and prevented him from timely filing. Accordingly, I overrule petitioner's objections regarding equitable tolling.

Further, I conclude that the remainder of the contentions included in petitioner's objections are nothing more than a restatement of the underlying claims contained in his petition. Accordingly, I do not address those objections. See Morgan v. Astrue, 2009 U.S.Dist. LEXIS 101092, at *8 (E.D.Pa. October 30, 2009)(Buckwalter, S.J.). Moreover, upon review of

(Footnote 1 continued):

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Hart is approved and adopted.

IT IS FURTHER ORDERED that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is dismissed without a hearing.

IT IS FURTHER ORDERED that because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

                                BY THE COURT:


                                /s/ JAMES KNOLL GARDNER_____
                                James Knoll Gardner
                                United States District Judge

---

(Continuation of footnote 1):

Magistrate Judge Hart's Report and Recommendation, together with a de novo review of this matter, I conclude that the Report and Recommendation correctly determined the legal issues raised by petitioner.

   Therefore, I approve and adopt Magistrate Judge Hart's Report and Recommendation, and overrule petitioner's objections to the Report and Recommendation.  In addition, because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 164 L.Ed.2d. 542, 555 (2000).